## Corbin v. Corbin et al.
### Dec. 4, 1942.

W. C. Hamilton for appellants.

John A. Richards and John J. Winn for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The sole question we are called upon to determine on this appeal is whether, with due regard to the rule that to establish an oral trust against the holder of the legal title, the evidence must be clear, convincing, and satisfactory, we should uphold the judgment of the chancellor, predicated upon the finding of a jury on an issue out of chancery, that the appellant, Francis M. Corbin, and his brother, Zack, hereinafter referred to as appellants, held in trust for themselves, their remaining brother, Thomas, and their sisters, Estelle Smith and Elsie Webb, the estate devised in fee simple to the appellants by their widowed mother, Allie Corbin. We are constrained to answer the question in the affirmative, not because we deem sufficient to establish the existence of the trust the testimony of the sisters, corroborated only by that of their husbands, that appellants admitted the trusteeship, but, because the acts of the appellants proven by their own testimony were consistent with these admissions and inconsistent with their present denial. Knowing of the will's existence, they not only consented to but invited an equal division of their mother's livestock, and, after the will's probate, signed a contract with their sisters containing the statement that it was their mother's intention that the estate should be divided equally among the parties to the contract, and agreeing, in consideration of the sisters foregoing their right to appeal from

the order of probate, to so divide the estate, with the exception of an eighty-acre tract jointly owned by Zack and his mother. Thomas, according to the sisters, was not included in the contract because of a deficiency judgment against him in a mortgage foreclosure suit. For the same reason, according to the admissions of trusteeship which they testified appellants made to them shortly after their mother's funeral, Thomas' name had been omitted from the will, and, in order that this might not appear as a reflection upon Thomas, their names had also been omitted. The exclusion of the eighty-acre tract was apparently occasioned by Zack's fear that the sisters would place too high a price upon it in the settlement, and since he particularly desired to retain it, he reserved the right to agree upon its price before its inclusion. According to the sisters, a date was set for this purpose, but when they met to fulfill the engagement, the appellants announced that they, the sisters, would not get any part of the land.

We are not unmindful of the fact that appellants had resided with their mother for many years, while the sisters had established homes of their own, or, of the fact that all of the children had received portions of their father's estate and would participate in the division of the one hundred and forty-two acres occupied by the mother as her dower. Neither have we failed to give due consideration to the more important fact that, although Mrs. Corbin was a woman of good mind and judgment, she failed to disclose to her lawyer who drew the will, or to any of the appellees, any intention to qualify the positive devise of her estate to appellants. Except for the admissions attributed to them by their sisters and their sisters' husbands and the statement contained in the signed contract referred to, the record is wholly silent as to the existence of the alleged trust. On the other hand, there did exist a good reason for not including Tom's name in the will, and the record contains nothing to indicate that she was estranged from any of her children. Appellants deny making the admissions referred to; and if their conduct and testimony had been consistent with their denials, and if the contract which they executed with their sisters had contained no statement of the mother's intention, we would be compelled to accept their denials. But the statement as to the mother's intention contained in the contract, coupled

with the inconsistency of their conduct when viewed in the light of their own testimony, is sufficient to turn the scales against them.

In explanation of their actions with respect to their mother's personal property, appellants state that at the time they made the division, they had no knowledge of the existence of the will, but, the testimony of the lawyer who drew it, and their admissions that they accompanied their mother to the lawyer's office and procured the attendance of the attesting witnesses, justified the jury's evident belief, and that of the chancellor, that they not only knew of the existence of the will, but its conditions, and at the time they made the division of the personalty, recognized the existence of the trust. Moreover, their testimony creates the impression upon the mind of the reader that they were endeavoring to conceal and evade, rather than clarify and explain. Had they frankly admitted their knowledge of the execution of the will and its contents, and explained that their willingness to share the estate with the other children was prompted by a desire to promote harmony and avoid litigation, we would have accepted their denials of the existence of the trust. As it is, we do not feel that we would be justified in disturbing the finding of the jury and the chancellor who heard the testimony as it was given, and were in a better position than we are to weigh its genuineness.

While we have referred to Francis and Zack Corbin as the appellants, the fact is that only the former occupies that relationship to this record, since the statement of appeal merely designates as appellants "Francis M. Corbin etc." We call attention to this in order that members of the Bar may avoid future errors of this nature.

Judgment affirmed, in so far as it affects the rights of the appellees and Francis M. Corbin.