# Corbin et al. v. Corbin et al.

February 8, 1949

Lewis A. White for appellants.

J. A. Richards for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The cases of Corbin v. Corbin, 292 Ky. 545, 166 S. W.2d 826, and Corbin's Ex'rs v. Corbin, 302 Ky. 208, 194 S.W.2d 65, deal with disputes between the appellants and the appellees relative to the settlement of the estate of Mrs. Allie Corbin, the deceased mother of the principal parties to this appeal.

This action deals with the division and sale of a small tract of land in Bath County which was jointly owned by the appellant, Francis Corbin, and Mrs. Allie Corbin at the time of the latter's death. In their petition seeking a division of the land the appellees alleged that the tract contained 82 acres. In an amended petition they asserted that a resurvey showed the tract con-

tained only 79.8 acres, and that Sherman Corbin was claiming 4.1 acres of the tract by adverse possession. They tendered to the appellants a quitclaim deed to their interests in the 4.1 acres and prayed a division of the remaining 75.7 acres. The appellants refused to accept the quitclaim deed and traversed of record the amended petition. Sherman Corbin was not made a party to the proceeding and no proof was taken on the issue of adverse possession. The trial court ordered a division of the land in accordance with the appellees' prayer, affirmed the commissioners' report of division and ordered a sale of the land allotted to the plaintiffs. On this appeal the appellants challenge the correctness of that ruling.

The appellants contend they are entitled to a division of the whole tract and that the court wrongfully excluded from the division the 4.1 acres allegedly claimed by Sherman Corbin. They urge also that it was the duty of the appellees to make Sherman Corbin a party to the action or to prove their allegation as to adverse possession. The appellees contend that the appellants were not prejudiced, since they were tendered a quitclaim deed to the appellees' interest in the land allegedly claimed adversely by Sherman Corbin; that it was incumbent upon the appellants to make the adverse claimant a party; and they are now estopped to complain of his absence.

We think the position of the appellants is well taken. The general rule pertaining to the partition of jointly owned property is stated in 40 Am.Jur., Partition, section 32: "* * * Where two or more persons become cotenants either of a single or of several distinct tracts of land, each of them is entitled to partition of all their common property, within the jurisdiction of the court, by a single proceeding, and cannot be deprived of this right by any act or conveyance of any of his cotenants. * * *"

Unquestionably, the appellants had the right not to accept the quitclaim deed tendered them by the appellees to their interest in the 4.1 acres of land. They exercised this right, and by their traverse made it incumbent upon the appellees to prove their allegation of adverse ownership in Sherman Corbin. Accordingly, the appellees fail-

ed to sustain the burden of proof fixed on them by sections 525 and 526 of the Civil Code of Practice. The alleged claim of adverse possession was left unadjudicated and the court was not authorized to order a division of the remainder of the property. Shackelford v. Williams, 51 S.W. 614, 21 Ky.Law Rep. 422. In the Shackelford case it was pointed out that a court could not properly order the partition of jointly owned land before the adjudication of adverse claims to all or part of it. It is true the adverse claimants were parties defendant in the Shackelford case, but the reasoning is applicable to the case at bar.

Judgment reversed, with directions to set it aside and for proceedings consistent with this opinion.